### SOULE *v.* GRIMSHAW.

1. MOTOR VEHICLES—WRONG SIDE OF ROAD—NEGLIGENCE—PRESUMP-
   TION.

    Presumption of defendant's negligence raised upon showing that
    collision of automobiles resulted from his driving on wrong
    side of road failed where evidence presented by plaintiff indi-
    cated something had happened to defendant by which he had
    lost control of his faculties and his automobile.

2. TRIAL—INSTRUCTIONS—MOTOR VEHICLES—WRONG SIDE OF ROAD.

    Instruction that motorist had no right to drive on wrong side
    of highway but that he was not liable if he became unconscious
    so that passage of his automobile to wrong side of highway
    was not his voluntary act, was proper.

3. APPEAL AND ERROR—NEGLIGENCE—MOTOR VEHICLES—DIZZINESS
   OF DRIVER.

    Denial of motion for judgment notwithstanding verdict after
    finding by jury that defendant was negligent in continuing to
    drive his automobile after knowledge a feeling of dizziness was
    coming over him is affirmed on appeal.

Appeal from Bay; Houghton (Samuel G.), J.
Submitted January 4, 1934. (Docket No. 55, Cal-
endar No. 37,543.) Decided March 6, 1934.

Case by Catherine Soule against Albert Grimshaw
for personal injuries sustained in a motor vehicle
collision. Verdict and judgment for plaintiff. De-
fendant appeals. Affirmed. See 262 Mich. 504.

*Carl H. Smith,* for plaintiff.

*Arthur J. Kinnane,* for defendant.

POTTER, J. Plaintiff recovered judgment against
defendant for damages alleged to have been caused

by defendant's negligent operation of his automobile resulting in a collision with the automobile in which plaintiff was riding and her resulting injuries. Defendant appeals, claiming the trial court erred in not directing a verdict for defendant at the close of plaintiff's testimony and at the close of all the testimony and in denying defendant's motion for judgment, notwithstanding the jury's verdict. Plaintiff was riding with her son, George H. Soule, in a Ford automobile on U. S. highway No. 23, going south near the intersection of U. S. highway No. 23 with the Cottage Grove road running east and west, north of Bay City. Defendant was driving north alone on U. S. highway No. 23 in an Essex sedan. Defendant, just prior to the accident, slumped over in his automobile to the right, his head hanging down, his body mostly to the right of the steering wheel and as he fell, his automobile, out of control, turned in front of the automobile in which plaintiff was riding and collision ensued. Immediately after the collision George H. Soule went to defendant's automobile, spoke to defendant, but received no response, shook him, but defendant showed no signs of life, and remarking that defendant was either dead or drunk, went back to his own automobile. This was substantially all the proof of defendant's negligence when plaintiff rested and defendant moved for a directed verdict for the reason no negligent act or omission on the part of defendant was proved. The mere showing a collision resulted from one of the automobiles being on the wrong side of the road, though it raised a presumption of negligence, had no force when the testimony of plaintiff's witnesses fairly indicated something happened to defendant by which he lost possession of his faculties, falling over the steering wheel, and his automobile going out of control and this presumption of negligence

under the facts failed. This motion was overruled and defendant's testimony tended to prove he had never had a prior fainting spell, that he had driven an automobile for many years and was driving an automobile, as occasion required, at the time of the trial of the case; that he was not intoxicated, had not used intoxicating liquors, had not suffered from apoplexy or epilepsy; that while driving along U. S. highway No. 23 northerly at about 2:30 o'clock in the afternoon he became unconscious, lost control of his automobile and did not again regain consciousness until after he was removed to Bay City.

The trial court properly charged that defendant had no right to drive on the wrong side of the highway; that he was not liable if he fainted or became unconscious immediately prior to the accident, so the passing of his automobile to the wrong side of the highway was not his voluntary act. The trial court did submit to the jury the question whether defendant was guilty of negligence in continuing to drive his automobile along the highway with knowledge a feeling of dizziness was coming over him. After verdict, on defendant's motion for judgment, notwithstanding the verdict, the trial court said:

"In such case the court must view the evidence in a light most favorable to the plaintiff.

"Unquestionably under the law a *prima facie* case of negligence is made out against the defendant by proof that the collision occurred by reason of the defendant driving his car on the wrong side of the highway. This presumption can be rebutted by justifiable circumstances. *Winckowski* v. *Dodge,* 183 Mich. 303; *Marsh* v. *Burnham,* 211 Mich. 675; *Anderson* v. *Lynch,* 232 Mich. 276; *Black* v. *Parke-Davis & Co.,* 211 Mich. 274.

"The defendant claims that he lost consciousness and therefore the car traveled to the wrong side of

the highway without his volition and consequently there was no negligence on his part.

"The defendant does not claim to have fainted while driving his car, but that he lost consciousness. He testified that he did not know what happened. He admitted that he felt dizzy, or had a dizziness, after leaving Kawkawlin, but that he continued to drive on thinking that the dizziness would pass or wear off. So there was no question but that he was conscious at that time, which was some distance before he met the car in which the plaintiff was riding. This condition, or feeling, would be closely analogous to a driver continuing to drive while being in a sleepy condition. *Bushnell* v. *Bushnell,* 103 Conn. 583 (131 Atl. 432, 44 A. L. R. 785).

"The defendant claims that he never had such a feeling before or since, although he has continued to drive his car. His claim that the unconsciousness came over him very suddenly is rendered doubtful by his own admissions of the feeling of dizziness but continuing to drive on at a speed of 30 to 35 miles per hour, thinking that the dizzy condition would pass off. Such a claim can be easily made but is very hard, sometimes impossible, to rebut. The question as to whether the defendant was telling the truth or not, and whether he was negligent in driving under such conditions would seem to be a proper question for the jury under all the evidence of the case. These were the only questions submitted to the jury. From the defendant's testimony he must have realized that he was not in a normal condition."

The findings of fact by the trial court are based upon the testimony. We find no reversible error, judgment affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred. Edward M. Sharpe, J., did not sit.