## Lobert, Appellant, *v.* Pack.

104

Argued September 28, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*John J. McGrath*, for appellant.

*Harold E. McCamey*, of *Dickie, Robinson & McCamey*, for appellee, was not heard.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:

Plaintiff was injured in the early morning of July 8, 1936, while driving a two-door sedan owned by the defendant, who at the time of the accident was riding on the rear seat, immediately behind her. The remaining seats in the car were occupied by two guest passengers. The automobile was proceeding southwardly upon the Lebanon Church Road, near Hays Borough, in Allegheny County. The parties had visited several cafes and clubs during the course of the preceding evening, and had partaken liberally of beer and other refreshments.

From an agreed statement of facts it appears "that prior to the car reaching Hays Borough the defendant had been 'kicking the seat' . . . which in this type of car can be moved forward in order to permit access to the rear seat. . . . The accident happened about two miles beyond Hays Borough and plaintiff testified that during the two-mile drive defendant was asleep, . . . that suddenly the back of the seat was forced against her, throwing her arms off the wheel and causing her

to cross the road, crash into the culvert and upset. The speed at the time was thirty to thirty-five miles per hour. . . . Defendant testified that he had been resting his feet on the back of the seat prior to arriving at Hays, but had removed them at her request, after which he went to sleep, and knew nothing more until he awoke in the hospital. To his knowledge he neither replaced his feet on the back of the seat nor pushed it again after her request to remove them."

The jury returned a verdict for defendant, and from the refusal of the court in banc to grant a new trial the plaintiff has taken this appeal. The sole error alleged is the following excerpt from the charge of the trial judge: "If, on the other hand, you believe that the defendant was asleep, then the defendant would be entitled to a verdict because if he actually was asleep then he was unconscious of what occurred and could not have intentionally done anything to bring about the accident."

While plaintiff concedes that the alleged tortious conduct of defendant was involuntary and unintentional, it is her contention that defendant should be held liable for the injuries she sustained to the same extent as though he had been awake when the accident happened.[1] Accordingly complaint is made that the instruction to the jury was erroneous and prejudicial. The question, therefore, is whether a person is responsible for a tort involuntarily committed while he was sleeping or unconscious.

There is an absence of authoritative discussion in decisions or textbooks upon the subject of the relation

---

[1] Plaintiff relies upon the principle that where a loss must be borne by one of two innocent parties it shall be borne by him who occasioned it, and cites as authority the case of *Mutual Fire Ins. Co. v. Showalter*, 3 Pa. Superior Ct. 452, where an insane person was held liable for his tort. That case was decided primarily upon considerations of public policy, and for that reason is not analogous to the present case.

of sleep to the law of negligence. However, one phase of the question has been considered by the courts in other jurisdictions where cases have arisen involving injuries caused by the driver of an automobile who fell asleep or became unconscious while operating the vehicle. These cases[2] are unanimous in holding that the test of liability is whether the driver was negligent in continuing to operate the car in disregard of the safety of other persons when he knew, or should have known, that sleep might overtake him. The circumstances of each case must be considered,—not only the fact of sleep, but also the preceding events, in order to determine whether the driver's helpless condition was within his knowledge or attributable to his own deliberate act.[3]

In these cases it is stated as a general principle that one who is stricken by paralysis, has an epileptic seizure, or is overcome by poisonous gas, or one who has

---

[2] See *Cohen v. Petty*, 65 F. (2d) 820 (Ct. App. D. C. 1933); *Cooper v. Kellogg*, 2 Cal. (2d) 504; *Bushnell v. Bushnell*, 103 Conn. 583; *Armstrong v. Cook*, 250 Mich. 180; *Soule v. Grimshaw*, 266 Mich. 117; *Slattery v. Haley*, 52 Ont. Law Rep. 95. See also *Kaplan v. Kaplan*, 213 Iowa 646, 651; *Harrington v. Lee Mercantile Co.*, 97 Mont. 40, 63; *Richards v. Parks*, 19 Tenn. App. 615, 624; *Steele v. Lackey*, 107 Vt. 192, 196.

[3] In *Soule v. Grimshaw*, 266 Mich. 117, it was held that proof that defendant driver had been suddenly overcome by unconsciousness, without a showing that this collapse was foreseeable or the result of negligence, was not only insufficient to create liability on his part, but served to rebut a presumption of negligence which would have otherwise arisen from the manner of his operation of the vehicle. In *Richards v. Parks*, 19 Tenn. App. 615, the fact of succumbing to sleep while driving was held not to be negligent in itself, although it was prima facie proof of want of proper vigilance. In *Kaplan v. Kaplan*, 213 Iowa 646, 653, it is said: "For the father's act in operating the car while asleep, he was no more accountable than he would have been, had he been suddenly seized with a fit of epilepsy." In *Bushnell v. Bushnell*, 103 Conn. 583, the court held that proof of want of due care in not staying awake was a prerequisite of liability for acts done while asleep.

lost consciousness under like circumstances cannot be held to be negligent for what he does or fails to do in the operation of an automobile, because the failure to exercise the requisite degree of care presupposes that the person sought to be charged is capable of sense perception and judgment.

Therefore, fundamentally to create liability for an act alleged to be negligent, it must be shown to have been the conscious act of a person's volition. He must have done that which he ought not to have done, or omitted that which he ought to have done, as a conscious being endowed with a will: *Slattery v. Haley*, 52 Ont. Law Rep. 95. The Restatement, Torts, Vol. 1, Section 2 (comment a) expresses the same thought in these words: "There cannot be an act without volition. Therefore, a contraction of a person's muscles which is purely a reaction to some outside force, . . . or the convulsive movements of an epileptic, are not acts of that person. So too, movements of the body during sleep when the will is in abeyance are not acts . . . some outward manifestation of the defendant's will is necessary to the existence of an act which can subject him to liability . . ." Nowhere in cases dealing with the subject of torts do we find the suggestion that a person should be held responsible for injuries inflicted during periods of unconsciousness.

In the present case there was no duty on the part of defendant to remain awake, as he had no part in the operation of the automobile. It is not charged by plaintiff that he was negligent in going to sleep. This Court has held in guest passenger cases that "the mere fact of sleeping does not, as a matter of law, convict a guest in an automobile of negligence": *Frank v. Markley*, 315 Pa. 257, 259; *Simrell v. Eschenbach*, 303 Pa. 156; *Oestreich v. Zibman*, 110 Pa. Superior Ct. 457. So here the defendant, while he was riding in the car, was not required to keep awake. He could not foresee that after he had fallen asleep some sudden movement of

his body might throw the plaintiff against the steering wheel and thus endanger the occupants of the car. Such an extraordinary occurrence is not within the realm of everyday experience, and the mere fact that it happened in the present case is no indication that it was reasonably to be anticipated. The defendant was required to exercise foresight, not clairvoyance.

Once asleep, defendant was no longer capable of voluntary action or of conscious behavior. Therefore, whatever happened while he was in that condition could have no significance, so far as defendant's liability was concerned, except as it might properly be designated a natural and probable consequence of some previous wrongful act. Since the record shows that his conduct prior to the accident involved no breach of duty toward plaintiff, it is clear that the instruction to the jury assigned as error was not improper.

Judgment affirmed.