## Bojanoski v. Porter

*F. Hastings Griffin, Jr.*, for plaintiff.
*Ivan Michaelson Czap*, for defendant.

ALESSANDRONI, P. J., June 23, 1955.—Plaintiff was living with defendant and his wife in defendant's home, at 3100 Windish Street, Philadelphia. On the night of June 16, 1953, defendant ran amuck with a knife and killed his wife and their child and seriously wounded plaintiff. Defendant was subsequently declared to be insane and was committed to Farview

State Hospital for the Criminally Insane. Plaintiff is permanently disfigured with scars from the knife wounds she received. This action in trespass seeks compensatory damages for the injuries.

Plaintiff's total expense amounted to $1,095.35; she was confined to the hospital for several weeks in 1953 and in the summer of 1954 underwent an unsuccessful operation for the removal of the scars.

The sole issue of this controversy is the liability of an insane person for his torts. It is not a case of first impression because an insane person was held to be liable in Mutual Fire Insurance Co., etc., v. Showalter, etc., 3 Pa. Superior Ct. 452. In that case, the insane defendant burned down a barn. At page 457, the court quoted the following statement by Chief Justice Gibson, in Beales v. See, 10 Pa. 56:

" 'As an insane man is civilly liable for his torts, he is liable to bear the consequences of his infirmity as he is liable to bear his misfortunes, on the principle that where a loss must be borne by one of two innocent persons it shall be borne by him who occasioned it.' "

The decision was based on the public policy above stated even though the court conceded the decision contained elements of hardship. The Supreme Court expressly recognized this reasoning in Lobert v. Pack, 337 Pa. 103, and distinguished that case from Mutual Fire Ins. Co., etc., v. Showalter, etc., supra, on the basis of policy.

In that case defendant fell asleep while a passenger in his automobile which was being operated by plaintiff. While asleep his feet pushed the seat of the driver from the rear and caused plaintiff to lost control of the car. A jury found for defendant on an instruction that no liability could attach for an act which occurred while defendant was asleep and was, therefore, unconscious of the act itself.

At first blush the reasoning of the case seems to fit the facts of the instant case, namely, that the act of an unconscious individual does not make him liable to respond in damages. Almost by definition an insane person is unconscious to the extent that he is incapable of the use of reason.

However, an insane person is capable of a conscious act to the extent that it is a voluntary act, albeit, one of a diseased mind. Whereas, one who is asleep or unconscious is utterly incapable of forming a voluntary act whatsoever. The Supreme Court, therefore, held in Lobert v. Pack, supra, that the act of that defendant was not analogous to the act of defendant in Mutual Fire Ins. Co., etc., v. Showalter, etc., case, supra, and therefore the considerations of public policy warranted a contrary result.

Despite efforts to establish a so-called modern or liberal view in this area of the law, we find the facts and policy of Mutual Fire Ins. Co., etc., v. Showalter, etc., to be the law of this Commonwealth and, therefore, binding on this court.

*Order*

And now, to wit, June 23, 1955, the court finds for plaintiff in the amount of $5,000.