SPILLERS v SIMONS

1. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—SUDDEN EMERGENCY.

The sudden emergency doctrine is a limited exception to the rule that a violation of the assured-clear-distance statute constitutes negligence per se (MCLA 257.627).

2. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—SUDDEN EMERGENCY.

Not every difficulty that a motorist encounters is a condition that will, under the sudden emergency doctrine, excuse his liability; the condition must be extraordinary and totally unexpected.

3. AUTOMOBILES—NEGLIGENCE—SUDDEN EMERGENCY—EVIDENCE—INSTRUCTIONS TO JURY.

Absent any evidence showing the existence of a sudden emergency which would rebut the presumption that defendant was negligent when his vehicle collided with the rear of plaintiff's automobile, it was error to give a jury instruction on sudden emergency.

4. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—SUDDEN EMERGENCY.

A plaintiff's failure to signal for a left turn, as claimed by the defendant in a rear-end collision case, was not the type of unexpected emergency that would bring the sudden emergency doctrine into play where the defendant testified that he used the road every day, that he saw the plaintiff on the road in front of him and he was following at a close distance, and that he saw the plaintiff start to slow down and he gained some

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 721.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
   Instructions on sudden emergency in motor vehicle case, 80 ALR2d 5.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 771.
   Sudden or unsignaled stop or slowing of motor vehicle as negligence, 28 ALR2d 5.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1023.

ground on her but he was unable to ascertain the reason why
he was unable to stop.

5. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FAILURE
TO SIGNAL—INSTRUCTIONS TO JURY.

An instruction to the jury in a rear-end collision case that if the
jury found that plaintiff had violated a statute before or at the
time of the occurrence then plaintiff was negligent as a matter
of law was error where the judge failed to state that her
negligence must have proximately contributed to her injury.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted Division 2 March 9, 1972, at Lansing. (Docket No. 11842.) Decided July 25, 1972. Leave to appeal denied, 388 Mich 782.

Complaint by Daniel Spillers and Inez Spillers against Richard A. Simons for negligence. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*Kelly, Kelly & Kelly,* for plaintiffs.

*Lavey & Taber,* for defendant.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. We are here considering the propriety of the trial court's instructions on the issue of sudden emergency and contributory negligence after a judgment of no cause of action arising out of a jury trial for damages sustained in a rear-end collision.

The plaintiff, Inez Spillers, was travelling east on Bellevue Road at approximately 3 p.m. on October 26, 1967. As it approaches Hull Road this road is slightly inclined. At the time, plaintiff was going approximately 20 m.p.h. with the intention

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of making a left turn on Hull Road. She put on her turn signal, gradually slowed to a stop because of an oncoming car and was then hit in the rear by the defendant.

Immediately after the accident plaintiff asked defendant why he had hit her and he replied that she did not have her turn signals on. She then informed the defendant that not only had her lights been on but they were in fact still blinking. A police officer called to the scene testified that the road was dry and that he found defendant's car resting in back of the plaintiff's car. He further testified that defendant responded "I just didn't stop" when asked by him as to what had happened. Also, defendant's reply to the question of why he did not stop was, "I don't know". Defendant made no statement about any sudden stopping at the time of the accident report.

Defendant testified he saw plaintiff turn on to Bellevue Road and that he was following her from a distance of approximately four car lengths. He testified that both he and plaintiff were travelling at approximately 22 m.p.h. He noticed plaintiff start to slow down and he gained from one to one and a half car lengths on her. He recalled seeing the oncoming car to which plaintiff had testified.

He further testified that plaintiff did not have her turn signal on but he did confirm the accuracy of plaintiff's statement regarding her conversation with him about the turn signals. He did not check, however, to see if the signals were in fact blinking as the plaintiff said they were. He further stated that plaintiff suddenly stopped short as he approached Hull Road to such a degree that he was unable to avoid hitting her. However, he also stated that he did not know why he was not able to stop and further testified that he pled guilty to

a charge of failing to stop within the assured clear distance ahead on a ticket issued as a result of this accident.

Plaintiff filed a motion for a new trial after the jury brought in a verdict of no cause of action. Such motion for new trial was denied and plaintiffs made this appeal as of right.

### I. *Did the trial court commit reversible error by instructing the jury on the issue of sudden emergency?*

Plaintiff moved for a directed verdict on the issue of negligence at the close of the proofs. The basis for such motion was the fact that there was no evidence to entitle the defendant to a defense based on the emergency doctrine. This motion was denied.

Under the rear-end collision statute[1] a rebuttable presumption arises that the offending driver is guilty of negligence. *Petrosky v Dziurman,* 367 Mich 539 (1962). A violation of the assured-clear-distance statute[2] constitutes negligence per se. *McKinney v Anderson,* 373 Mich 414 (1964). The courts have created a limited exception known as the emergency doctrine to temper the harshness of this rule. The doctrine has been defined thus:

"One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence." *Walker v Rebeuhr,* 255 Mich 204, 206 (1931); *Paton v Stealy,* 272 Mich 57, 62 (1935).

---

[1] MCLA 257.402; MSA 9.2102.

[2] MCLA 257.627; MSA 9.2327.

The Supreme Court defined the circumstances that must come into play before the doctrine can be invoked in *Vander Laan v Miedema,* 385 Mich 226, 232 (1971). The Court there said:

"To come within the purview of this rule the circumstances attending the accident must present a situation that is 'unusual or unsuspected'. *Barringer v Arnold,* 358 Mich 594, 599 (1960).

"The term 'unusual' is employed here in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist. Such an event is typically associated with a phenomenon of nature. A classical example of the 'unusual' predicament envisioned by the emergency doctrine is provided by *Patzer v Bowerman-Halifax Funeral Home, supra* [370 Mich 350 (1963)], wherein the accident occurred in an Upper-Peninsula blizzard.

" 'Unsuspected' on the other hand connotes a potential peril within the everyday movement of traffic. To come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexpected."

The defendant in this case must show that the situation confronting him was of the "unsuspected" variety in order to qualify for this doctrine. He must show that the peril was not in clear view for a significant length of time, and was totally unexpected. To begin with, we must view the facts most favorably to the defendant. *McKinney v Anderson, supra.* The only evidence favorable to the defendant, however, is his testimony that the plaintiff did not signal her intention to turn, and her sudden stop. We must decide if these facts, standing by themselves, constitute the type of emergency meant to overcome the strong presumption of negligence.

Not every difficulty that a motorist encounters is

a condition that will excuse his liability. The condition must be extraordinary, and "totally unexpected". *Vander Laan, supra,* at p 232.

In *Van Den Heuval v Plews,* 291 Mich 670 (1939), the defendant was driving a truck when an oncoming car suddenly turned in front of him. The defendant, in an effort to avoid the turning car, swerved and hit the plaintiff's car. The Court said:

"Defendant Plews' claim of an emergency is of no avail because, having passed over this crossing weekly for approximately three years, he was bound to know that approaching cars might make left-hand turns in the intersection and was required by law to have his truck under such control that he could avoid a collision with objects in plain view."

In the instant case the defendant testified that he used this road every day. He saw the plaintiff on the road in front of him and he was following at a close distance. He saw the plaintiff start to slow down and he gained some ground on the plaintiff but he was unable to ascertain the reason why he was unable to stop. Based on the defendant's own testimony, we must conclude that the plaintiff's failure to signal was not the type of unexpected emergency that would bring into play the emergency doctrine. Under the state of the record to allow the defendant to claim that this was an unexpected emergency we would be placed in a position where we would have to conclude that every accident was unexpected since no driver intentionally wants or expects an accident.

There being no testimony showing the existence of a sudden emergency which would rebut the presumption of negligence on the part of the defendant, it was error for the court to give the

instruction without the factual basis for it. *Vander Laan v Miedema, supra.*

## II. *Did the lower court fail to properly instruct the jury on the contributory negligence of the plaintiff?*

We will discuss this issue since it is apparent that the matter will be retried and it is necessary to obviate the possibility of this issue arising in the second trial.

At one point the trial court instructed the jury that the plaintiff's negligence must be a proximate cause of the occurrence saying:

"When I use the terms 'negligence' or 'contributory negligence' with respect to the plaintiff's conduct I mean the plaintiff's failure to use ordinary care for his or her own safety, which proximately contributed to his or her own injury or damage."

In giving the instruction on plaintiff's violation of statute the judge merely said:

"If you find that the plaintiff violated this statute before or at the time of the occurrence then the plaintiff is guilty as a matter of law—I am sorry then the plaintiff was negligent as a matter of law."

The judge failed to state that such negligence, while a matter of law, must have proximately contributed to the plaintiff's injury. This was an improper instruction under the principles set forth in *Martiniano v Booth,* 359 Mich 680 (1960).

For the reasons set forth above herein this matter is reversed and remanded for new trial.

All concurred.