MANNING v CHEBOYGAN AREA SCHOOLS

Automobiles—Negligence—Sudden Emergency Doctrine—Jury
   Instructions—Appeal and Error.

   A party is entitled to a jury instruction on the doctrine of sudden
   emergency in an automobile negligence case only where the
   facts presented in the case when viewed in the light most
   favorable to the party asserting the defense indicate either that
   the circumstances attending the accident were unusual, or that
   they were unsuspected; a driver who crests a hill over the
   center line may not claim and is not entitled to an instruction
   on sudden emergency where he would not have been in peril
   had he obeyed the statutory mandate to keep to the right
   (MCLA 257.639; MSA 9.2339).

Appeal from Cheboygan, John J. Mack, J. Sub-
mitted June 6, 1977, at Grand Rapids. (Docket No.
25430.) Decided July 18, 1977.

Complaint by Calvin Manning and others
against Cheboygan Area Schools, Sharon J. Thorn-
ton and Owen O. Zaphe for damages resulting
from the collision of a school bus and an automo-
bile. Judgment for defendants. Plaintiffs appeal.
Reversed and remanded.

*Jerry L. Sumpter,* for plaintiffs.

*Gillett & Carpenter,* for defendants.

Before: R. B. Burns, P. J., and D. E. Holbrook
and M. B. Breighner,* JJ.

---

References for Points in Headnote

8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
Instructions on sudden emergency in motor vehicle cases. 80 ALR2d
   5.
* Circuit judge, sitting on the Court of Appeals by assignment.

R. B. BURNS, P. J. Plaintiffs brought suit on behalf of themselves and their minor children for damages sustained when the school bus in which the children were riding collided head-on with an automobile. Defendants were the bus driver, Owen Zaphe, his employer, the Cheboygan Area Schools, and the driver of the automobile, Sharon Thornton. A jury returned a verdict of no cause of action. Plaintiffs appeal and we reverse.

Sharon Thornton testified that she had driven Long Lake Road, where the accident occurred, once or twice a week for three years. She had driven on the road when there was snow on it and snowbanks piled on the side. She had previously passed a bus on this road without difficulty. At the time of the accident she was traveling approximately 20 miles per hour and first observed the bus when 90 feet away. When she saw the bus she angled toward the right, moving over "maybe a couple of feet" and had come to a complete stop when she was struck. She noticed that the bus was angling toward her and that the driver was looking in the rear view mirror. The bus driver did not take any action to avoid the accident and part of the bus was over the center line at time of impact.

She further testified that there was sufficient room for two vehicles to have passed each other, despite the snowbanks.

Defendant Zaphe testified that he was familiar with the road, driving it once a day five times a week. He was traveling 10 to 12 miles per hour at the time of the accident. He did not see Ms. Thornton's car until just a second or two before the accident because of the crest of a hill. He did not dispute Thornton's testimony that he had angled over the center line toward her. He also thought that the vehicles could have passed each other at the point of impact.

Approximately half of the car and the same width of the bus were damaged. The weather was sunny, although the road was slippery and snow-covered from a snow earlier in the week. The vision of both drivers was limited by the crest of the hill. Two witnesses testified that the bus appeared to be over as far as it could get, and one verified that there was sufficient room at that point in the road for them to have passed safely.

The plaintiffs claim the trial court erred by instructing the jury on the theory of sudden emergency.

The trial court instructed the jury as follows:

"I further charge you, it is the law of the State of Michigan, and we have a state statute which provides as follows, and these will be a series of statutes, as follows: Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible.

"Further, we have a state statute which provides as follows: (a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions: (1) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction: (2) When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct or tunnel (3) the foregoing limitations shall not apply upon a one-way roadway.

"I further charge you, we have another state statute in the State of Michigan which provides as follows: Upon roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway.

"I further charge you that we have a state statute, and it's the law of the State of Michigan, which provides as follows: Any person driving a vehicle upon a highway shall drive the same at a careful and prudent

speed, not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

"I charge you, if you find either, or both of these defendants violated any of these statutes before or at the time of the occurrence, then that defendant, or both, was guilty of negligence as a matter of law. However, I further charge you in this connection, if you find that either or both of these defendants, at this time and place was confronted with a sudden emergency not of their own making, and if you find that he or she used ordinary care and was still unable to avoid the violation because of such emergency, then his or her, or their violation is excused."

*Vander Laan v Miedema,* 385 Mich 226; 188 NW2d 564 (1971), sets out several principles involved when a party asserts the doctrine of sudden emergency. First, we must view the facts in the light most favorable to defendants. Second, those facts must indicate that the circumstances attending the accident were either "unusual" or "unsuspected". An example of an "unusual" circumstance is a blizzard. "Unsuspected" means a suddenly revealed and totally unexpected peril.

In the instant case there was an abundance of evidence that one or both of the drivers were driving left of center at the moment of impact. There is no indication that weather conditions were either "unusual" or caused either driver to be left of center while cresting the hill. A driver who crests a hill over the center line may not assert sudden emergency when he would not have been in peril had he obeyed the statute and crested the hill to the right. The danger in such circumstance is not "totally unexpected", but

rather a foreseeable risk which should have been avoided through obedience to the law. There is no indication here that an "unsuspected" peril caused either driver to be in the wrong lane at the wrong time.

It was error for the trial court to instruct on the theory of sudden emergency with reference to violation of MCLA 257.639; MSA 9.2339 (driving left of center when approaching the crest of a grade).[1]

Reversed and remanded for a new trial. Costs to plaintiffs.

---

[1] It being unnecessary for resolution of this appeal, we express no opinion as to the propriety of the instruction on sudden emergency as an excuse for violation of any other of the statutes upon which the trial court instructed the jury.