AMICK v BALLER

Docket No. 49199. Submitted October 14, 1980, at Lansing.—Decided December 3, 1980. Leave to appeal applied for.

Phyllis Amick brought an action for negligence against Loren R. Baller resulting from an automobile accident. A verdict of no cause of action was rendered for defendant. Plaintiff moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Cheboygan Circuit Court, Richard G. Boyce, J., denied plaintiff's motion. Plaintiff appeals, alleging that the trial court erred in instructing the jury regarding the sudden emergency doctrine, the assured clear distance ahead statute, and the turn signal statute. *Held:*

1. The trial court properly instructed the jury regarding the sudden emergency doctrine. The facts, when viewed in the light most favorable to the defendant, indicate that a factual pattern existed which confronted the defendant with unexpected driving conditions which took place so suddenly that the normal expectations of due and ordinary care were modified.

2. The trial court did not err in instructing the jury regarding the assured clear distance ahead statute. Evidence was presented that plaintiff was operating her motor vehicle at an unreasonable speed as proscribed by the then applicable statute and that this resulted in her sliding into the path of defendant's vehicle. The provisions of the statute could be used to establish a prima facie case of negligence against plaintiff.

3. The trial court did not err in instructing the jury that a finding that plaintiff violated the turn signal statute could be considered prima facie evidence of plaintiff's negligence. Evidence was presented which indicated that plaintiff violated the statute and it was possible for the jury to find that this violation was a proximate cause of the accident.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1117.
  7A Am Jur 2d, Automobiles and Highway Traffic § 420.
  57 Am Jur 2d, Negligence § 93.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 854.
  8 Am Jur 2d, Automobiles and Highway Traffic § 881.

1. AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY DOCTRINE — JURY INSTRUCTIONS.

  A trial court may properly instruct a jury in an automobile negligence case regarding the sudden emergency doctrine where the facts presented in the case, when viewed in the light most favorable to the party asserting the defense, indicate either the party was confronted with an unusual situation while driving which varied from the everyday traffic routine confronting a motorist or by an unsuspected situation which takes place so suddenly that the normal expectations of due and ordinary care are modified.

2. AUTOMOBILES — NEGLIGENCE — JURY INSTRUCTIONS — STATUTES.

  A trial court may properly instruct a jury in an automobile negligence case that a finding that a party has violated the assured clear distance ahead statute or the turn signal statute could be used to establish a prima facie case of negligence against that party (MCL 257.627, 257.648; MSA 9.2327, 9.2348).

*Sumpter & Loznak, P.C.,* for plaintiff.

*Williams, Coulter, Cunningham, Davison & Read,* for defendant.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

PER CURIAM. Plaintiff filed a complaint as a result of an automobile accident with defendant. A jury trial resulted in a verdict of no cause of action in the defendant's favor. A motion for new trial was denied by the trial court. Plaintiff appeals.

At trial, the accounts given by witnesses to the accident varied. Plaintiff and her passenger contended that they were slowly driving down a residential street in the City of Cheboygan and were negotiating a turn into their own driveway when their automobile was hit in the rear by an automobile being driven by the defendant. Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contended that he was following the plaintiff's automobile from a safe distance and that when he was turning into his own driveway, the plaintiff's vehicle slid directly in his path. There was also testimony to indicate that, on the following day, plaintiff described the accident by stating that she had backed up into the path of defendant's vehicle. All witnesses agreed that the roads were icy and slippery at the time of the accident.

Plaintiff appeals, raising two issues worthy of discussion.

Plaintiff first contends that the trial court erred in instructing the jury on the sudden emergency doctrine. This Court has considered on numerous occasions whether the facts present in a particular case justify an instruction on the sudden emergency doctrine. *Hughes v Polk,* 40 Mich App 634; 199 NW2d 224 (1972), *lv den* 388 Mich 770 (1972), *Spillers v Simons,* 42 Mich App 101; 201 NW2d 374 (1972), *lv den* 388 Mich 782 (1972), *LaBumbard v Plouff,* 56 Mich App 495; 224 NW2d 118 (1974), *Manning v Cheboygan Area Schools,* 76 Mich App 700; 257 NW2d 222 (1977), *Bugar v Staiger,* 66 Mich App 32; 238 NW2d 404 (1975), *Dennis v Jakeway,* 53 Mich App 68; 218 NW2d 389 (1974), *lv den* 392 Mich 801 (1974). See also *Moore v Spangler,* 401 Mich 360; 258 NW2d 34 (1977).

In *Vander Laan v Miedema,* 385 Mich 226; 188 NW2d 564 (1971), the Supreme Court held that the sudden emergency doctrine is an appropriate instruction where a party is confronted with an "unusual" or an "unsuspected" situation. From the *Vander Laan* decision, it would appear that the factual pattern is "unusual" if the facts present in the case vary from the everyday traffic routine confronting a motorist. Thus, a blizzard or other extreme weather condition may cause such

an unusual driving environment that the normal expectations of due and ordinary care are modified by the attenuating factual conditions. "Unsuspected" facts are those which may appear in the everyday movement of traffic, but which take place so suddenly that the normal expectations of due and ordinary care are again modified by the attenuating factual conditions.

In assessing the current issue, it must be remembered that the facts are viewed in the light most favorable to the defendant. *Manning, supra.* With this in mind, this Court concludes that an "unsuspected" factual pattern did exist. Plaintiff argues that the situation was not "unexpected" since the defendant admitted that he had a clear view of the road ahead and had been following the plaintiff's vehicle for some time. See *Hughes, supra, Spillers, supra.* However, there was testimony to indicate that, when the plaintiff attempted to negotiate her own driveway (on the left hand side of the street), she slid to the right toward the defendant's driveway. Plaintiff's potential peril was not in defendant's clear view for any significant length of time and consequently was totally unexpected. Additionally, the jury did hear testimony which indicated that the plaintiff had admitted on the day following the accident that she had backed out of the defendant's driveway and into the path of the defendant's vehicle. Under these circumstances, the sudden emergency doctrine was properly given by the trial court.

Plaintiff also contends that the trial court erred in instructing the jury on the assured clear distance ahead statute, MCL 257.627; MSA 9.2327, and the turn signal statute, MCL 257.648; MSA 9.2348. We disagree.

We believe the assured clear distance ahead

statute operative on the date of the disputed accident was applicable to a driver of any motor vehicle who was operating his motor vehicle at a rate of speed unreasonable for the circumstances and road conditions. Consequently, this statute was relevant to the plaintiff's conduct. There was evidence submitted to the jury from which they could find that the plaintiff was operating her vehicle at an unreasonable speed and, as a consequence, slid into the path of the defendant's vehicle. As such, this penal statute could be used to establish a prima facie case of negligence against the plaintiff. *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976).

Similarly, the trial court did not err in instructing the jury that, if they found that the plaintiff violated the turn signal statute, plaintiff could be considered prima facie negligent. Defendant testified that, before the collision, he observed neither brake lights nor a turn signal on the plaintiff's vehicle. The turn signal statute requires that a motorist give a signal before undertaking certain maneuvers. The purpose for giving the signal is obviously to warn other motorists of an intent to change directions with the vehicle being driven. In the case at bar, there was evidence which indicated that plaintiff failed to give the proper signal. It was possible for the jury to find that this failure was a proximate cause of the accident. No error was committed.

Affirmed.