# STATE OF MICHIGAN

# COURT OF APPEALS

HASEM SALEM,

Plaintiff-Appellant,

v

SALEH SALEH,

Defendant-Appellee.

UNPUBLISHED
October 14, 2014

No.  316464
Wayne Circuit Court
LC No.  11-012076-NI

Before:  OWENS, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

In this automobile negligence action, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant.  We reverse and remand for further proceedings consistent with this opinion.

This case arises out of injuries sustained by plaintiff, who was a backseat passenger in a car driven by defendant.  Abdulfattah Saleh (Abdulfattah),[1] Amran Najy (the decedent),[2] and Fayez Mosed were also passengers in the car.  As defendant's car was leaving a drag-racing area, a gunshot rang out.  The decedent said, "I just got shot."  The group, collectively "freaking out" and "in a really big panic," made the decision to drive directly to the hospital.  By all accounts, defendant was vastly exceeding the speed limit.  Estimates of the car's speed varied between 90 and 160 miles per hour.  There was no traffic on the roads due to the early morning hour, but as defendant's car got within 300 feet of Henry Ford Hospital, it hit a pothole and rolled over "eight to 10 times."  The medical examiner determined that the cause of the decedent's death was the gunshot wound.

Plaintiff filed this action seeking damages for the injuries he sustained and his corresponding lost wages.  Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that any negligence he committed should be excused because he was

---

[1] Abdulfattah Saleh's first name is used in subsequent references to avoid confusion with defendant Saleh Saleh.

[2] Najy was shot later in the evening and ultimately died of the gunshot wound.  Consequently, we refer to him as "the decedent" in this opinion.

confronted by a sudden emergency. In particular, defendant asserted that his conduct should be excused under the sudden-emergency doctrine because he was responding to a medical emergency and speeding to the hospital in an effort to save the decedent's life. In response, plaintiff argued that because defendant took time after the shooting to stop the car and assess the condition of the decedent, and because there was no longer any danger from the shooter, the sudden-emergency doctrine should not operate to bar defendant's liability. The trial court agreed with defendant, remarking, "[I]f there's any case, the poster child, if you will, for sudden emergency, it's this case." The court granted defendant's motion for summary disposition on this ground.

On appeal, plaintiff argues that the trial court erred by granting defendant's motion for summary disposition and dismissing his negligence claim. Specifically, plaintiff contends that the court erroneously applied the sudden-emergency doctrine. We agree.

We review de novo the trial court's grant of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Spiek*, 456 Mich at 337. "The pleadings, affidavits, depositions, admissions, and other admissible documentary evidence submitted by the parties must be considered in the light most favorable to the nonmoving party." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy*, 274 Mich App 712.

Whether a particular defendant acted reasonably when faced with a sudden emergency is generally a question of fact for the jury. *White v Taylor Dist Co, Inc*, 482 Mich 136, 143; 753 NW2d 591 (2008); see also *Wallace v Kramer*, 296 Mich 680, 687-688; 296 NW 838 (1941); *Soule v Grimshaw*, 266 Mich 117, 120; 253 NW 237 (1934).

The sudden-emergency doctrine is a judicially created principle that excuses a defendant's negligent conduct because of an unexpected emergency that requires an immediate response and makes it impossible to take other reasonable action to avoid the danger. *Socony Vacuum Oil Co v Marvin*, 313 Mich 528, 546; 21 NW2d 841 (1946). The doctrine does not apply when the sudden emergency was brought about by the defendant's own negligence. *Id.* Our Supreme Court has explained the rationale behind the sudden-emergency doctrine:

> "One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence." [*Id.* (citation omitted).]

See also *Vander Laan v Miedema*, 385 Mich 226, 231-232; 188 NW2d 564 (1971); *Vsetula v Whitmyer*, 187 Mich App 675, 681; 468 NW2d 53 (1991). The sudden-emergency doctrine is an extension of the reasonably prudent person rule; therefore, the issue is whether the defendant

acted as a reasonably prudent person would have acted under the same circumstances. *Baker v Alt*, 374 Mich 492, 496; 132 NW2d 614 (1965).

For the sudden-emergency doctrine to apply, the emergency must be "unusual" or "unsuspected." *Vander Laan*, 385 Mich at 232; *Amick v Baller*, 102 Mich App 339, 341-342; 301 NW2d 530 (1980). To be "unusual," the circumstances of the emergency must vary from the "everyday traffic routine confronting the motorist." *Vander Laan*, 385 Mich at 232; see also *Amick*, 102 Mich App at 341-342. For an emergency to be "unsuspected," the danger must not have "been in clear view for any significant length of time" and must have been "totally unexpected." *Vander Laan*, 385 Mich at 232; see also *Amick*, 102 Mich App at 341-342.

It is undisputed that, as defendant drove away in his car with plaintiff and three other friends after street racing in Detroit, a gunshot rang out. Almost immediately, the decedent said, "I've been shot." Abdulfattah testified that he first thought the decedent was kidding, and told him to "stop joking" since "I didn't expect anybody to shoot at us, because [we] didn't do anything wrong to anybody." Plaintiff and defendant both testified that defendant got out of the car momentarily to confirm that the decedent had actually been shot. Defendant then got back into the car, in defendant's words, to "get the hell out of there." When plaintiff exclaimed, "[o]h, there's blood all over," the group immediately realized that the event was an emergency. Plaintiff and defendant both described the ensuing moments as "chaotic," and testified that all five occupants of the car were, to one degree or another, "panicking" and "freaking out." We conclude that the unforeseeable and unexpected shooting of the decedent, the severity of the decedent's condition, and the need to transport him to the hospital immediately, all culminated to create a sudden emergency.

Nevertheless, we also conclude that there remained a genuine issue of material fact concerning the applicability of the sudden-emergency doctrine in this case.

Plaintiff testified that, during the drive to the hospital, he was holding the decedent and putting pressure on the wound. Plaintiff did not tell defendant to slow down because "we were just trying to get [the decedent] to the hospital, that was [the] whole point." Abdulfattah—who was himself injured in the resulting accident—testified that defendant "had no choice" but to exceed the speed limit and that "[a]nybody would have [been] speed[ing] trying to get to the hospital." While the situation was undoubtedly serious, it is well-settled that the sudden-emergency doctrine does not create an invitation to behave in an unreasonably negligent manner. *White v Taylor Dist Co, Inc*, 275 Mich App 615, 623; 739 NW2d 132 (2007). Instead, when faced with a sudden emergency, the defendant must still act as a reasonably prudent person would act under the circumstances of that particular emergency. *Szymborski v Slatina*, 386 Mich 339, 341; 192 NW2d 213 (1971); see also *White*, 275 Mich App at 622. And as noted earlier, whether a particular defendant acted reasonably when faced with a sudden emergency is typically a question of fact for the jury. *White*, 482 Mich at 143.

The evidence presented in this case revealed that defendant was driving his car at a very high rate of speed, between 90 and 160 miles per hour, on Detroit city streets at nighttime. In fact, the proofs established that when defendant hit a pot hole, he lost control of his vehicle and rolled the car a number of times. This was clearly negligent behavior, and it was for the trier of fact to determine whether defendant acted reasonably under the circumstances of the particular

emergency at issue. See *id*. We acknowledge that a rational jury could determine that defendant acted reasonably and prudently under the specific circumstances of the emergency. On the other hand, a rational jury could determine that despite being faced with a sudden emergency, defendant acted unreasonably by exceeding the speed limit to such a great extent, especially at nighttime with limited sight distances. We conclude that, under the facts of this case, there remained a question of fact concerning whether the sudden-emergency doctrine should be applied to bar defendant's liability for negligence. See *Cox v LaLonde*, 101 Mich App. 342, 349; 300 NW2d 564 (1980). We therefore reverse the trial court's order granting summary disposition in favor of defendant and remand for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Kathleen Jansen
/s/ Peter D. O'Connell