**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 23, 2008

SHERITA WHITE and DERRICK WHITE,

Plaintiffs-Appellees,

v

No. 134751

TAYLOR DISTRIBUTING COMPANY, INC,
PENSKE TRUCK LEASING COMPANY,
LP, and JAMES J. BIRKENHEUER,

Defendants-Appellants.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

At issue is whether the trial court properly granted summary disposition to defendant on the basis of his claim that he experienced a sudden emergency. Defendant,[1] James Birkenheuer, rear-ended plaintiff, Sherita White, while she was stopped for a red light. By statute, the driver of a vehicle that strikes another from

---

[1] Defendant Taylor Distributing Company is defendant's employer. Defendant Penske Truck Leasing Company, L.P., was the owner of the tractor-trailer defendant was driving. Because the liability of these two defendants arises from Birkenheuer's conduct, the term "defendant" will be used to refer to Birkenheuer.

behind is presumed negligent.[2]  But defendant claims that, as a matter of law, the statutory presumption should not apply to him because he experienced a sudden emergency when he blacked out seconds before the collision.  We disagree.  We conclude that there are genuine issues of material fact regarding defendant's claim of a sudden emergency.  Accordingly, we affirm the Court of Appeals reversal of the trial court's grant of summary disposition to defendant.

On March 15, 2004, defendant was driving from Cincinnati, Ohio, to Novi, Michigan.  He stated that he stopped at a rest area in Canton, Michigan, because he experienced an urgent onset of severe diarrhea.  After the diarrhea episode, defendant stated that he waited about 20 minutes at the rest area to see how he felt.  Not experiencing further illness, he continued his trip.

Defendant stated that as he took the Novi Road exit ramp some 30 minutes later, he began to feel dizzy and broke into a sweat.  He recalled seeing plaintiff's car about 250 to 300 yards in front of him, stopped at a red light at the end of the ramp.  Defendant applied his brakes, began gearing down, and then blacked out.

---

[2] MCL 257.402(a) states:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence.  This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.

2

He has no recollection of events that occurred before the impact with plaintiff's vehicle jarred him to consciousness. After the collision, he applied his emergency brake, set his emergency flashers, and got out of his truck, but blacked out again in the road. He was assisted by other motorists and then treated by emergency medical personnel at the scene.

Defendant was taken to a hospital by ambulance. He was diagnosed as having experienced a "syncopal episode," meaning that he blacked out. While at the hospital, he described the accident to a police officer and was ticketed for violating MCL 257.627(1)—failure to maintain an assured clear distance ahead. The next day, defendant visited his family doctor, who diagnosed defendant as having experienced "viral enteritis with syncopal spell secondary to hypovolemia" (intestinal inflammation with secondary blackout).

Plaintiff filed a suit alleging that defendant was presumed negligent under MCL 257.402(a) because he had struck plaintiff's vehicle from the rear.[3] Defendant moved for summary disposition under MCR 2.116(C)(10), asserting that he was not negligent under the circumstances because his illness created a sudden emergency. Defendant submitted his deposition testimony, the accident report, and related medical reports in support of his motion. Plaintiff argued that questions of fact existed regarding whether defendant had actually blacked out

---

[3] Plaintiff also alleged a violation of MCL 257.627(1), which requires a motorist to maintain an "assured, clear distance ahead." Because the analysis of

(continued…)

before the accident and whether defendant knew or should have known that he was not in a condition to drive when he left the rest area after experiencing severe diarrhea. The trial court granted defendant's motion. Plaintiff appealed.

The Court of Appeals reversed the trial court, holding that summary disposition was not appropriate because the key evidence was within defendant's exclusive knowledge. *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 630; 739 NW2d 132 (2007). We granted defendant's application for leave to appeal. 480 Mich 961 (2007).

"We review de novo decisions on summary disposition motions." *AFSCME v Detroit,* 468 Mich 388, 398; 662 NW2d 695 (2003) (quotation omitted). A court reviewing a motion under MCR 2.116(C)(10) "must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion, and grant the benefit of any reasonable doubt to the opposing party." *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). The statutory presumption of negligence under MCL 257.402(a) may be rebutted by showing the existence of a sudden emergency. *Vander Laan v Miedema,* 385 Mich 226, 231; 188 NW2d 564 (1971). The sudden-emergency doctrine applies "when a collision is shown to have occurred as the result of a sudden emergency

---

(…continued)
§ 627(1) is virtually identical, we examine plaintiff's claim under § 402(a) only. *Zeni v Anderson*, 397 Mich 117, 134; 243 NW2d 270 (1976).

4

not of the defendants' own making." *Id.*, citing *McKinney v Anderson*, 373 Mich 414, 419; 129 NW2d 851 (1964).

Defendant asserts that he experienced a sudden emergency when he became dizzy and blacked out on the exit ramp seconds before he collided with plaintiff's vehicle; thus, the statutory presumption should not apply. We agree that a sudden, unexpected blackout could present a sudden emergency sufficient to rebut the statutory presumption.[4] But a sudden emergency sufficient to remove the statutory presumption must be "totally unexpected." *Vander Laan*, *supra* at 232. There is evidence that defendant may have known or should have known that he was not feeling well when he continued driving after his urgent stop at the Canton rest area. This creates a genuine issue of material fact regarding whether defendant's emergency was totally unexpected.[5]

---

[4] In *Soule v Grimshaw*, 266 Mich 117, 119; 253 NW 237 (1934), we recognized that a sudden loss of consciousness while driving could present a sudden emergency sufficient to rebut the presumption of negligence.

[5] We note that there is also a question of fact regarding whether defendant blacked out while driving or whether he only blacked out after the accident. Defendant was driving alone and no one witnessed his condition immediately before the collision. The evidence reveals inconsistencies between defendant's condition immediately following his alleged precollision blackout and his condition immediately following the undisputed blackout after the collision. For instance, defendant experienced incontinence following the undisputed blackout (after the collision), but not following the disputed blackout (before the collision). Further, although defendant experienced a lowered level of consciousness following the postaccident blackout, there is evidence that he did not experience a lowered level of consciousness following the alleged preaccident blackout; specifically, his testimony that when he was jarred awake from the latter he

(continued…)

Defendant testified that after experiencing a severe episode of diarrhea at the rest area, "I hung around a while, walked around to make sure I was finished and felt fine so I continued on to where I had to go *because it wasn't far away*." This emphasized statement could imply that defendant was aware he was not feeling well, but chose to continue driving his tractor-trailer because he felt he could make the short trip despite his condition.

Defendant states that he "felt great" while driving some 30 minutes between the Canton rest area and the Novi Road exit. But this statement is called into question by the medical records and deposition testimony submitted to the trial court. The emergency room (ER) physician who treated defendant stated that "[a] couple of episodes of diarrhea would not typically cause a syncopal episode. Pain, abdominal cramping or severe cramping or any kind of pain can cause someone to have a syncopal episode, but a couple of episodes of diarrhea would not cause him to pass out."

Defendant's family physician diagnosed defendant with viral enteritis severe enough to cause a blackout. Viral enteritis is an inflammation of the intestines with symptoms including nausea, vomiting, diarrhea, cramps, and abdominal pain. So, the independent opinions of the two doctors treating defendant within 24 hours of the accident agree that defendant's condition would

---

(…continued)
immediately activated his emergency flashers, applied his emergency brake, and got out of his cab to check on plaintiff's condition.

6

have caused ongoing symptoms such as cramps and pain. Further, the officer who responded to the accident noted that defendant "states he 'blacked out,' possibly from being ill." It is unclear from this statement whether defendant was referring to his diarrhea at the rest area or to illness at some time more immediately before the accident. If defendant experienced ongoing symptoms or felt ill after his first onset of urgent illness at the rest stop, then any subsequent emergency was not totally unexpected and, thus, not sudden.

The ER physician also testified regarding how quickly defendant's syncopal episode may have developed: "In my opinion, I would say that happened over, you know, several seconds, a couple of minutes, that's pretty sudden." If defendant felt dizzy "a couple of minutes" before blacking out, then perhaps his subsequent emergency was not clearly sudden under the circumstances. Further, for the sudden emergency doctrine to apply, the emergency must not be of defendant's own making. *Vander Laan*, *supra* at 231. If defendant was aware that he was not feeling well when he left the rest area but continued driving anyway because he "did not have far to go," or if defendant felt ill while driving from the rest area to the Novi Road exit, or if defendant felt ill even a few minutes before he collided with plaintiff, then the emergency may well have been of his own making.

Additionally, defendant's statements regarding the cause of his condition are inconsistent. The notes from defendant's visit to his family doctor the day after the accident state that defendant "blacked out while driving . . . feels like it

7

was from eating a hardboiled egg 1 hour prior." This information was not given to the ER physician. When asked at deposition about what he had to eat or drink before the accident, defendant did not mention the hardboiled egg. We think that information about the cause of defendant's condition could have better established how defendant was feeling before the accident. Defendant's inconsistent statements about the cause of his illness create issues of material fact precluding summary disposition.

We do not assess defendant's credibility. But, under the legal and factual circumstances, "[w]e do not ignore the inconsistencies in defendant's statements . . . ." *Bridwell v Segel*, 362 Mich 102, 106; 106 NW2d 386 (1960). The questions regarding whether defendant experienced a sudden emergency and whether defendant was negligent in driving under the facts presented in this case are proper questions for the jury. *Soule v Grimshaw*, 266 Mich 117, 120; 253 NW 237 (1934).

We affirm the Court of Appeals decision to reverse and remand this case to the trial court for further proceedings. Under the facts of this case, the trial court improperly granted summary disposition to defendant.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

8