# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 10, 2010

138636


SHERRI MARTIN,
        Plaintiff-Appellant,

v

DAVID LEDINGHAM, M.D., DAVID
RYNBRANDT, M.D., ANDRIS KAZMERS,
M.D., and PETOSKEY SURGEONS, P.C.,
        Defendants,

and

NORTHERN MICHIGAN HOSPITAL,
        Defendant-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 138636
COA: 280267
Emmet CC: 05-009021-NH

On October 6, 2010, the Court heard oral argument on the application for leave to appeal the January 27, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REMAND this case to the Emmet Circuit Court for entry of an order denying the defendant's motion for summary disposition. Because the plaintiff's expert witness testified at his deposition that, if the nurses had timely informed the treating physician of the plaintiff's deteriorating condition, the standard of care would have required the treating physician to treat the plaintiff differently than he did, while the treating physician averred in his affidavit that he would not have treated the plaintiff any differently than he did even if the nurses had timely informed him of the plaintiff's deteriorating condition, a question of material fact exists that must be resolved by a jury. That is, having presented expert testimony regarding the treatment that the plaintiff, pursuant to the standard of care, should have received in the first 72 hours post-surgery, the treating physician's averment that he would have acted in a manner contrary to this standard of care presents a question of fact and an issue of credibility for the jury to resolve. See *White v Taylor Distributing Co,* 482 Mich 136, 141 (2008) (A question of material fact existed for the jury to decide because the defendant's deposition testimony that he "felt great" before he blacked out was called into question by the defendant's treating physicians' deposition testimony that

the "defendant's condition would have caused ongoing symptoms such as cramps and pain."). We agree with the assertion in Judge GLEICHER's concurring opinion in *Ykimoff v W.A. Foote Mem Hosp,* 285 Mich App 80, 121, 124 (2009), that the Court of Appeals "incorrectly decided *Martin,*" and that "plaintiff's expert testimony called into question the credibility of the surgeons' affidavits by asserting that the standard of care applicable to the affiants required swifter intervention."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 10, 2010

*Corbin R. Davis*

Clerk