# STATE OF MICHIGAN

# COURT OF APPEALS

HAISSAM CHOUCAIR,

Plaintiff-Appellee,

v

DON STARKEY and STATE BARRICADES, INC.,

Defendant-Appellants.

UNPUBLISHED
June 18, 2015

No. 321161
Macomb Circuit Court
LC No. 2013-001105-NI

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendants appeal by leave granted a March 11, 2014, opinion and order denying summary disposition of plaintiff's automobile negligence claim. We reverse and remand for entry of judgment in favor of defendants.

Plaintiff sued defendants for injuries he sustained when the pickup truck he was driving struck a stake truck owned by defendant State Barricades, Inc., and driven by defendant Don Starkey. The collision in question occurred at approximately 9:36 a.m. on March 24, 2010. On that morning Starkey was employed by State Barricades and working along I-94. Starkey had been assigned with another employee to pick up the construction barrier "orange barrels" along the left median of the westbound portions of I-94. Starkey was driving the stake truck along the left shoulder while the other worker got out and put the barrels in the back of the truck. Plaintiff was driving his Ford F-150 pickup truck westbound on I-94, at approximately 70 miles an hour, when his truck struck the right rear end of the stake truck. The impact sheared the left side off plaintiff's pickup, which then crossed over the grass median and the eastbound lanes of I-94 and came to rest in a ditch. Photographs of the scene after the accident show the stake truck and orange barrels and skid marks left by plaintiff's pickup. Plaintiff was rendered unconscious and was hospitalized for 10 days after the accident. He suffered injuries to his right arm and sued Starkey for negligence and State Barricades for owner's liability.

The parties do not dispute that at the time of the collision it was sunny and the pavement was dry. Starkey testified at deposition that the collision occurred approximately 15 minutes after he and his coworker had started removing the orange barrels. Starkey testified that the stake truck was equipped with safety lights and flashers and that those signals were switched on. He stated that he drove the stake truck completely on the left shoulder of the westbound lane, to

-1-

the immediate right of the orange barrels they were picking up. Starkey testified that he did not have to change his course of travel very much and did not drive the stake truck onto the traveled portion of the roadway, to the right of the yellow line. The state trooper who responded to the accident concluded that the stake truck was completely off the road and on the shoulder of the road at the time of the collision. He did not cite plaintiff or Starkey for any violations arising from the collision.

Plaintiff maintains that the stake truck was not completely on the left shoulder of the road, but instead was partially in the left lane of the road. According to plaintiff, he was driving west on I-94 in the left lane when a red vehicle in the lane to the right of him lightly scraped against the side of his truck. This caused plaintiff to move his pickup to the left and strike the right rear end of the stake truck. At a deposition in this case, taken August 20, 2013, plaintiff maintained that his vehicle was in the left-hand lane when it struck the stake truck. Plaintiff testified that he had a clear view of the stake truck from "probably 200 feet" away. He subsequently changed that estimate to only 50 feet away. Plaintiff maintained that the stake truck was approximately one foot onto the left lane of the roadway. Nobody but plaintiff testified about the red car or van that cut him off and that apparently did not stop after the collision.

Plaintiff had previously sued his no-fault insurer for benefits and had testified at a deposition in that case on October 12, 2011. At that deposition plaintiff gave the following testimony regarding the circumstances of the accident:

> There was a truck in the ditch, the left lane ditch, and a car – I recall it was a red van – cut me off from my side and hit me a little bit in the door side. I recall that I heard the noise. I tried to get away from it and I went under the – I hit the truck in the ditch.

Defendants moved for summary disposition of plaintiff's claims pursuant to MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that defendants were not negligent and that any fault was due to the negligence of the unknown driver of the red vehicle and plaintiff. Defendants argued that there was no genuine issue of material fact that the stake truck was fully on the shoulder of the road and not in the left-hand lane of traffic. Defendants further argued that even if the stake truck was partially in the lane of traffic, plaintiff was responsible for stopping within an assured clear distance under MCL 257.627(1) and was presumed negligent under MCL 257.402(a) because he struck the rear of the stake truck. Plaintiff's counsel argued that material questions of fact existed to be decided by the jury. Plaintiff's counsel asserted that the stake truck was "weaving" on and off the traveled portion of the highway to allow for the picking up of the barrels.

The circuit court denied defendants' motion. The circuit court summarized the relevant facts and the parties' arguments and noted that while a statutory violation creates a rebuttable presumption of negligence, it is not conclusive evidence of negligence. The circuit court found that genuine issues of material fact existed regarding whether the stake truck had strayed onto the traveled portion of the highway immediately before it was hit by plaintiff. The court noted that Starkey had acknowledged that he would have been permitted to drive the truck on the traveled part of the roadway if necessary and that the photographs of the scene only showed the stake truck after it had been moved following the collision. The court found that the location of debris

from the collision "does not conclusively prove defendant State Barricade's truck was exclusively on the shoulder of the road at the time of the collision." The court also found that plaintiff's deposition testimony in this case did not directly contradict his deposition testimony from the insurance case. The circuit court found that the photographs of the scene appeared to support plaintiff's theory, noting "the location of the barrels and size of defendant State Barricade's truck depicted in the pictures would suggest the truck would have needed to drive onto the traveled portion of the freeway to pass the barrels." The court also noted that "the record is not clear as to how long defendant State Barricade's truck may have been in the traveled portion of the roadway before the accident to warrant application of either the assured clear distance rule of MCL 257.627(1) or [the] presumption of negligence in rear-end accidents of MCL 257.402(a)." Noting that it could not decide issues of witness credibility or make findings of fact based on opposing deposition testimony, the circuit court concluded that genuine issues of material fact existed regarding causation.

A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a claim and is reviewed de novo. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999), superseded on other grounds by MCL 445.904(3). Summary disposition under MCR 2.116(C)(10) should be granted when the affidavits or other documentary evidence show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Smith*, 460 Mich at 454-455. To avoid summary disposition under MCR 2.116(C)(10), the party opposing the motion must show, by way of affidavit or other evidence, that a genuine issue of fact exists for trial. *Smith*, 460 Mich 455 n 2; MCR 2.116(G)(4).

MCL 257.627(1) states, in relevant part, that "[a] person shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead." MCL 257.402(a), states, in relevant part:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and *struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state*, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. [Emphasis added].

"The statutory presumption of negligence under MCL 257.402(a) may be rebutted by showing the existence of a sudden emergency." *White v Taylor Distribution Co*, 482 Mich 136, 139; 753 NW2d 591 (2008). "The sudden-emergency doctrine applies when a collision is shown to have occurred as the result of a sudden emergency not of the [negligent driver's] own making." *Id.* at 139-140 (citations and quotation marks omitted). The same sort of analysis applies to the statutory presumption of MCL 257.627(1). *White*, 482 Mich at 138 n 3.

In this case, plaintiff testified that he was forced left by another driver in a red vehicle whose car crowded him on the right and scraped the right side of his pickup truck. Plaintiff's testimony regarding the red car or van that forced him to go left could be considered to establish a sudden emergency not caused by plaintiff's negligence. Accordingly, questions of fact do exist regarding whether plaintiff was conclusively negligent and responsible under §§627(1) and 402(a). However, the dispositive point for the purpose of the instant lawsuit is that the record

presented does not reveal any evidence suggesting that Starkey was negligent in the operation of the stake truck at the time of the collision. The deposition testimony and other evidence presented indicates that it was sunny and clear at the time of the accident. Starkey testified that he had the signal lights of the truck switched on. The truck and the orange barrels were clearly visible from the westbound lanes of the highway. Plaintiff's counsel's argument that Starkey was weaving on and off the traveled portion of the road is speculative. The circuit court's conclusion that defendants' truck would need to go into the traffic lanes to pick up the barrels is also speculative and cannot be reached simply by looking at photographs without accompanying measurements. Nothing in the record presented suggests that Starkey drove the stake truck into the path of plaintiff's pickup. Moreover, even if defendants' truck was slightly intruding onto the traveled portion of the highway, such an intrusion is commonplace and unremarkable; motorists routinely have to pass disabled cars and stopped emergency vehicles. In short, there was no evidence presented indicating that Starkey was negligent. The collision was either caused by plaintiff's negligence or the negligence of the person allegedly driving the red vehicle.

Reversed and remanded for entry of judgment in favor of defendants. We do not retain jurisdiction.


/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder

-4-