*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGEL JOHNSON and STEPHEN PRITCHARD,

        Plaintiffs-Appellants,

and

LEROY SUMMERS, JR. and LEROY DORSEY,

        Plaintiffs,

and

ADVANCED SURGERY CENTER, LLC,

        Intervening Plaintiff,

v

EVEREST NATIONAL INSURANCE COMPANY,
AVIS BUDGET GROUP, INC, and MICHIGAN
AUTOMOBILE INSURANCE PLACEMENT
FACILITY,

        Defendants,

and

CHARLES BOWMAN,

        Defendant-Appellee.

UNPUBLISHED
January 14, 2021

No. 350776
Wayne Circuit Court
LC No. 18-001266-NF

Before: LETICA, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Plaintiffs-appellants (plaintiffs), Angel Johnson and Stephen Pritchard, appeal as of right from the trial court's stipulated order of dismissal of plaintiff Leroy Summers Jr.'s complaint against defendant Charles Bowman. On appeal, plaintiffs argue the trial court erred when it

granted summary disposition under MCR 2.116(C)(10) to defendant. Plaintiffs also argue the trial court erred when it relied on improper or irrelevant evidence to explain its ruling. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of a motor vehicle accident that occurred on September 25, 2017. Johnson, Pritchard, Summers, and Leroy Dorsey were in Johnson's vehicle when Bowman rear-ended it after Johnson applied her brakes because she saw a dog crossing the street. Johnson hit the steering wheel with her chest and face. Pritchard, who claimed he hit his knee and head during the accident, was taken to the hospital by ambulance, but all other occupants refused medical treatment at the scene. Johnson would later go to the hospital, complaining of rib and hip pain. Plaintiffs were later diagnosed with disc herniations in their backs and necks. They claimed to be unable to work or complete daily tasks such as cleaning, cooking, and other household chores.

Plaintiffs filed an automobile-negligence claim against defendant. In response, defendant filed separate motions for summary disposition as to Johnson and Pritchard's claims. After a hearing, the trial court granted defendant's motions for summary disposition.

This appeal as of right followed.

## II. STANDARD OF REVIEW

"A trial court's decision regarding a motion for summary disposition is reviewed de novo." *Sullivan v Michigan*, 328 Mich App 74, 80; 935 NW2d 413 (2019). "Under MCR 2.116(C)(10), summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks omitted). We "must review the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*. (quotation marks omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks omitted). A court may not "make findings of fact; if the evidence before it is conflicting, summary disposition is improper." *Id*. (quotation marks and emphasis omitted). Additionally, "courts may not resolve factual disputes or determine credibility in ruling on a summary disposition motion." *White v Taylor Distrib Co*, 275 Mich App 615, 625; 739 NW2d 132 (2007), aff'd, 482 Mich 136; 753 NW2d 591 (2008).

We review the trial court's factual findings for clear error. *Grayling Twp v Berry*, 329 Mich App 133, 141; 942 NW2d 63 (2019). "The clear error standard provides that factual findings are clearly erroneous where there is no evidentiary support for them or where there is supporting evidence but the reviewing court is nevertheless left with a definite and firm conviction that the trial court made a mistake." *Hill v Warren*, 276 Mich App 299, 308; 740 NW2d 706 (2007).

## III. ANALYSIS

Plaintiffs argue the trial court erred in granting summary disposition to defendant because plaintiffs established a genuine issue of material fact as to whether they suffered a serious impairment of a bodily function. The trial court concluded plaintiffs' injuries were either

preexisting or subjective in nature; therefore, it granted summary disposition to defendant as to their claims. While we agree the trial court properly granted summary disposition for defendant on Pritchard's claims, we conclude the trial court erred when it granted summary disposition on Johnson's claims.

Under Michigan's No-Fault Act, MCL 500.3101 *et seq.*, "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). The statute relevantly provides that:

> (a) The issues of whether the injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds either of the following:
>
> (*i*) There is no factual dispute concerning the nature and extent of the person's injuries.
>
> (*ii*) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function or permanent serious disfigurement. [MCL 500.3135(2).]

In turn, the statute defines a "serious impairment of body function" as "an objectively manifested impairment of an important body function that affects the person's general ability to lead . . . her normal life." MCL 500.3135(5).[1]

Our Supreme Court has set forth a three-part test to determine whether an individual has demonstrated a "serious impairment of a body function." *McCormick v Carrier*, 487 Mich 180, 215; 795 NW2d 517 (2010) (quotation marks omitted). First, the plaintiff must demonstrate "an objectively manifested impairment" that is "observable or perceivable from actual symptoms or conditions." *Id*. Second, the plaintiff must demonstrate that the impairment is "of an important body function (a body function of value, significance, or consequence to the injured person)." *Id*. Third, this impairment must affect "the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *Id*. "In making th[is] determination, there is no bright-line rule or checklist to follow." *Gillette*, 327 Mich App at 20 (alterations and quotation marks omitted). "Instead, whether someone has suffered a serious impairment is inherently fact- and circumstance-specific and the analysis must be conducted on a case-by-case basis." *Id*. (alterations and quotation marks omitted).

First, the focus for an objectively manifested impairment concerns how the injuries affected the functioning of the plaintiff's body, and not on the injuries themselves. *McCormick*, 487 Mich at 197. In short, in order to be "objectively manifested" the injuries must affect the functioning of the plaintiff's body. *Id*. at 197-198. "[T]he objectively manifested requirement signifies that

---

[1] The No-Fault Act was amended by 2019 PA 21 and 22, but the pre-amendment version applies here.

plaintiffs must introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering and that showing an impairment generally requires medical testimony." *Id*. at 198 (quotation marks omitted). Moreover, a plaintiff may claim aggravation for a pre-existing condition as a basis for recovery, as long as "the trauma caused by the accident triggered symptoms from that condition." *Wilkinson v Lee*, 463 Mich 388, 394-395; 617 NW2d 305 (2000).

The second prong—whether the impairment is of an important bodily function—is "an inherently subjective inquiry that must be decided on a case-by-case basis, because what may seem to be a trivial body function for most people may be subjectively important to some, depending on the relationship of that function to the person's life." *McCormick*, 487 Mich at 199. And under the third prong:

> [T]he common understanding of to "affect the person's ability to lead his or her normal life" is to have an influence on some of the person's capacity to live in his or her normal manner of living. By modifying "normal life" with "his or her," the Legislature indicated that this requires a subjective, person- and fact-specific inquiry that must be decided on a case-by-case basis. Determining the effect or influence that the impairment has had on a plaintiff's ability to lead a normal life necessarily requires a comparison of the plaintiff's life before and after the incident. [*Id*. at 202.]

Moreover, "[t]o establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Cawood v Rainbow Rehab Ctrs, Inc*, 269 Mich App 116, 121; 711 NW2d 754 (2005) (quotation marks omitted). Causation "is a legal term of art that incorporates both cause in fact and legal (or 'proximate') cause." *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Id*. at 86-87 (quotation marks omitted). "On the other hand, legal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. at 87 (quotation marks and citation omitted). "As a matter of logic, a court must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Id*.

The trial court did not err when it granted summary disposition in defendant's favor as to Pritchard's injuries because he failed to present evidence that the motor vehicle accident caused those injuries. See *Cawood*, 269 Mich App at 121. Pritchard's medical records contain no statement or opinion from his treating physicians that the motor vehicle accident was the cause of his injuries. Coupled with Pritchard's rather large record of preexisting injuries, particularly chronic back pain and injuries, it is speculative as to whether the motor vehicle accident caused any of the ailments he suffers from. See *Craig*, 471 Mich at 86-87. The only record evidence related to the issue of causation is Pritchard's independent medical examination ("IME"). While the IME is not definitive because the doctor did not have access to all of Pritchard's prior medical records, the doctor could not find any evidence that Pritchard's knee or back pain were related to the motor vehicle accident. Absent evidence demonstrating that Pritchard's various ailments were caused or aggravated by the accident, and not because of his preexisting conditions, he cannot

establish the causation necessary to recover. *Wilkinson*, 463 Mich at 394-395. Thus, the trial court did not err when it granted summary disposition on Pritchard's claims.

Defendant argues the same is true for Johnson—that there is no evidence of causation to support her claims. But the record belies defendant's argument. Dr. Horst Griesser, Johnson's treating physician, repeatedly stated in his office visit notes that Johnson's injuries, in his medical opinion, were caused by the motor vehicle accident. These injuries from the accident included rib pain, thoracic spine pain, lumbago, chronic pain because of trauma, and radiculopathy. While Dr. Neil Friedman's IME disagreed with this conclusion, a court cannot resolve such a factual dispute during a motion for summary disposition under MCR 2.116(C)(10). See *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) ("A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.").

Because Johnson provided evidence of causation, the remaining question is whether she satisfied the tort threshold required under *McCormick*. Johnson claims to have neck and back injuries that were objectively substantiated by her medical records. See *McCormick*, 487 Mich at 196 (determining that the plaintiff must present evidence of "actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function"). Johnson's MRI, for example, demonstrated that she has disc herniations in her lumbar, thoracic, and cervical spine. Her medical records from Dr. Griesser also contain objective evidence of these injuries, as he observed spinal tenderness associated with pain. The record does not support the trial court's conclusion that the evidence presented shows Johnson's injuries were solely preexisting or subjective in nature; moreover, the extent that these injuries were aggravated by the accident is a question of fact. Thus, viewing the evidence in the light most favorable to Johnson, we conclude the trial court erred on its conclusion on the first prong.

The trial court did not opine on whether the injuries to Johnson's neck and back were impairments to an important bodily function. See *id*. at 199. Defendant also does not challenge that Johnson's impairments, whatever their origin, are not of an important bodily function. We have previously held one's ability to use the neck and spine are important bodily functions. See *McDanield v Hemker*, 268 Mich App 269, 179-281; 707 NW2d 211 (2005) (determining that cervical injury impacting the plaintiff's head, neck and back were impairments to important bodily functions). Accordingly, we conclude that Johnson satisfied the second prong at this stage.

Turning to third prong, the trial court determined that Johnson's injuries did not impair her ability to lead a normal life. The trial court focused on Johnson's physical therapy records that, in its view, state Johnson was functionally independent and able to complete normal activities. But Johnson testified that she was no longer able to work after the accident. Dr. Griesser also imposed restrictions on Johnson's ability to work and complete daily tasks. And, although Johnson's physical therapy records are inconsistent, they did state that she exhibited moderate to severe pain when performing daily activities. Again, viewing the evidence in the light most favorable to Johnson, there is a question of fact about whether her impairments impact her ability to lead a normal life. We therefore conclude the trial court erred when it granted summary disposition on her claims.

Plaintiffs' remaining arguments relate to certain statements made by the trial court when it explained its ruling. Specifically, the trial court took note of the relatively low case evaluation award presented to plaintiffs and the minimal cost of repairing the damage to Johnson's vehicle. The trial court explained that the reference to the case evaluation award and damage to the vehicle were made in reference to the procedural history of the case and not germane to its ultimate ruling. Given the trial court's statement and the irrelevance of these facts to the issues before us, we conclude that any error is harmless. See *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 89; 832 NW2d 288 (2013) ("This Court will not overturn a circuit court's order on the basis of a harmless error.").

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

We do not retain jurisdiction.

/s/ Anica Letica
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

-6-