*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

FUAD NASSER ALMASWARI,

       Plaintiff-Appellee,

v

GREAT AMERICAN INSURANCE COMPANY
and BOLT EXPRESS, LLC,

       Defendants,

and

MARY KATHERINE LYCHUK,

       Defendant-Appellant.

UNPUBLISHED
April 27, 2023

No. 360612
Wayne Circuit Court
LC No. 20-014676-NF

Before:  M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Plaintiff was driving his vehicle on the highway when he rear-ended Mary Lychuk's vehicle.  Lychuk argued that plaintiff was negligent in rear-ending her vehicle and that she was entitled to summary disposition.  The trial court denied Lychuk's motion for summary disposition because it was too soon to decide whether plaintiff was comparatively at fault.  We reverse.

On December 5, 2019, a semitruck unexpectedly swerved in front of defendant and came to a complete halt on the highway.  Lychuk was able to stop and did not hit the semitruck.  Plaintiff testified during his deposition that he saw the semitruck cross into his lane, in front of Lychuk, but it was too late for him to stop before colliding with Lychuk.  Plaintiff suffered injuries to his knee from the collision, and he sued Lychuk for negligently operating her vehicle.  Further, plaintiff argued that Lychuk created a sudden emergency by completely stopping her vehicle.  Lychuk argued that no reasonable juror could conclude that plaintiff was not comparatively at fault for the collision, and she moved for summary disposition under MCR 2.116(C)(10).  The trial court denied Lychuk's motion, and it held that there was a genuine issue of material fact concerning whether plaintiff was faced with a sudden emergency.

-1-

Lychuk now appeals with leave granted. *Almaswari v Great American Ins Co*, unpublished order of the Court of Appeals, entered July 14, 2022 (Docket No. 360612).

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

The No-Fault Act, MCL 500.3101 *et seq*, was amended on June 1, 2019, and the collision occurred after the amendment. The No-Fault Act states, in relevant part, that "[d]amages must be assessed on the basis of comparative fault, except that damages must not be assessed in favor of a party who is more than 50% at fault." MCL 500.3135(2)(b). A defendant is entitled to summary disposition where no reasonable juror could find that the plaintiff was more at fault than the defendant. See *Huggins v Scripter*, 469 Mich 898, 898; 669 NW2d 813 (2003).

MCL 257.402(a) creates a rebuttable presumption that a driver who rear-ends another driver, who was lawfully on a highway, is prima facie negligent. This presumption may be rebutted "by showing the existence of a sudden emergency." *White v Taylor Distrib Co*, 482 Mich 136, 139; 753 NW2d 591 (2008). "The sudden-emergency doctrine applies when a collision is shown to have occurred as the result of a sudden emergency not of the [party's] own making." *Id*. at 139-140 (cleaned up). "[A] sudden emergency sufficient to remove the statutory presumption must be totally unexpected." *Id*. at 140 (cleaned up).

In this case, plaintiff testified that he saw the semitruck swerve into the parties' lane and come to a complete stop. Lychuk was able to stop before colliding with the semitruck, while plaintiff was not able to stop before colliding with Lychuk. Under MCL 257.402(a), plaintiff is presumptively negligent for the collision. Further, given that plaintiff testified that he saw the semitruck swerve the lane, it is not unexpected that Lychuk would have to stop her vehicle to prevent herself from colliding with the semitruck. Thus, there was not a sudden emergency because Lychuk's stopping was expected. Given these facts, there is no genuine issue of material fact that plaintiff was more than 50% at fault in causing the collision. Under MCL 500.3135(2)(b), plaintiff cannot prevail against Lychuk, and the trial court erred by not granting Lychuk summary disposition.

Reversed. We do not retain jurisdiction. Lychuk, as the prevailing party, may tax costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney