*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KWANTIERA HUGHES, as Next Friend
for DM, a Minor,

        Plaintiff-Appellant,

v

MALISA MAE DONNELLY,

        Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 366542
Macomb Circuit Court
LC No. 2021-003807-NI

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

On June 6, 2021, nine-year-old DM followed her 11-year-old stepsister, NT, across 9 Mile Road where it was five lanes wide. Both girls safely made their way into the center turn lane, but DM kept moving into the next lane of traffic on her scooter as NT stopped in the center turn lane. Defendant, Malisa Mae Donnelly, who was driving in the lane of traffic DM entered on her scooter, hit DM and injured her. Plaintiff, Kwantiera Hughes, as next friend for DM, filed this case against defendant claiming negligence, but the trial court awarded summary disposition to defendant under MCR 2.116(C)(10), invoking the sudden emergency doctrine. Because we conclude that the issue concerning the sudden emergency doctrine raised by defendant in this case should be resolved by a jury, we reverse the summary disposition award to defendant and remand for further proceedings in the trial court.

## I. FACTUAL BACKGROUND

The facts of this case are largely undisputed. On June 6, 2021, nine-year-old DM and her 11-year-old stepsister, NT, decided to enjoy the nice weather by riding their scooters without adult supervision. As the girls made their way to the local Family Dollar store, they had to cross 9 Mile Road where it was five lanes wide, with two eastbound lanes, two westbound lanes, and a center turn lane. Some pedestrians waited for westbound traffic to clear and then crossed the westbound lanes into the center turn lane. Next, the two girls did the same. NT went first and stopped in the center turn lane to wait for the eastbound traffic to clear. Defendant was driving eastbound in the lane next to the center turn lane, and she could see the two girls as well as the pedestrians stopped

-1-

in the center turn lane.  But DM did not stop in the center turn lane like her stepsister did.  Instead, DM kept moving forward on her scooter.  As DM entered the lane in which defendant was driving, defendant tried to swerve to the right to avoid DM, but they collided and DM was injured.

On October 15, 2021, plaintiff filed a complaint setting forth a claim for "negligence/gross negligence" against defendant.  But after discovery, the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10) in an opinion and order issued on April 24, 2023.  After identifying the nature of plaintiff's third-party claim under the no-fault act, MCL 500.3135, the trial court observed that "a question of fact exists with respect to causation."  Nevertheless, the trial court awarded summary disposition to defendant by invoking the sudden emergency doctrine.  Specifically, the trial court asserted that "the record clearly establishes that [DM] created a sudden emergency when she rode directly in front of defendant's car without stopping."  Based upon that conclusion, the trial court determined that "reasonable minds could only conclude the emergency situation was not of defendant's own making[,]" so "the sudden emergency doctrine excuses any— assuming arguendo—negligence of defendant."

Plaintiff moved for reconsideration of the trial court's summary disposition award, but the court denied the motion in an opinion and order issued on June 7, 2023.  As the trial court explained in its opinion, plaintiff's "complaint was not dismissed under MCL 500.3135(2)(b) due to [DM]'s comparative negligence exceeding 50% but because of [DM]'s creation of a sudden emergency."  In the wake of that ruling, plaintiff appealed of right.

## II.  LEGAL ANALYSIS

On appeal, plaintiff contests the trial court's determination that defendant was entitled to summary disposition under MCR 2.116(C)(10) based on the sudden emergency doctrine.  We must review de novo a trial court's decision on a motion for summary disposition.  *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).  "A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim."  *Id*. at 160.  The evidence must be viewed "in the light most favorable to the party opposing the motion."  *Id*.  Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law.  MCR 2.116(C)(10).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."  *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The sudden emergency doctrine "applies when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making."  *White v Taylor Distrib Co, Inc*, 482 Mich 136, 139-140; 753 NW2d 591 (2008) (quotation marks omitted).  To rely on the sudden emergency doctrine, the defendant must establish that "the circumstances attending the accident" presented "a situation that is unusual or unsuspected."  *Vander Laan v Miedema*, 385 Mich 226, 232; 188 NW2d 564 (1971) (quotation marks omitted).  "To come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexpected."  *Id*.  In other words, a person "who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method,

-2-

unless the emergency in which he finds himself is brought about by his own negligence." *Vsetula v Whitmyer*, 187 Mich App 675, 680-681; 468 NW2d 53 (1991).

As our Supreme Court has held, "[t]he doctrine of sudden emergency is a logical extension of the 'reasonably prudent person' rule, and as such *is not an affirmative defense*." *Szymborski v Slatina*, 386 Mich 339, 341; 192 NW2d 213 (1971). Thus, when applying the sudden emergency doctrine, the question is "whether the defendant acted as a reasonably prudent person when facing the emergency, giving consideration to all the circumstances surrounding the accident." *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 622; 739 NW2d 132 (2007), aff'd 482 Mich 136; 753 NW2d 591 (2008). As a general rule, when "credibility determinations [about] alleged negligence and the onset of a sudden emergency beg to be resolved," the "case needs to be heard and decided by a jury and should not [be] decided by the court as a matter of law in the context of summary disposition." *Id*. at 623.

Here, defendant admitted at her deposition that the weather was clear and sunny on the day of the collision. She conceded that she saw pedestrians in the center turn lane and the two girls on their scooters approaching the center turn lane as she drove in their direction. She commented that she had her "eye on the road" and saw DM's "scooter not stopping out of the corner of [her] eye." Defendant explained that she was driving at the speed limit of 35 miles per hour, and she "swerved to the right to avoid hitting [DM] head-on." Under Michigan law, "[t]o come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexpected." *Vander Laan*, 385 Mich at 232. Defendant's deposition testimony offers ample support for plaintiff's contention that an issue of material fact precludes an award of summary disposition under MCR 2.116(C)(10) under the sudden emergency doctrine. See *White*, 275 Mich App at 623.

The competing parties cite to recent orders from our Supreme Court that are not particularly helpful in resolving the central issue in this appeal. Plaintiff directs this Court's attention to *Price v Austin*, 509 Mich 938 (2022), where our Supreme Court reversed a summary disposition award "[b]ecause the defendant-driver's credibility was crucial to the success of his sudden-emergency defense[.]" *Id*. at 939. In reaching that result, our Supreme Court stated that "the fact-finder may determine whether the defendant-driver acted as a 'reasonably prudent person would have done under all the circumstances of the accident . . . .' " *Id*., quoting *Szymborski*, 386 Mich at 341. But in our case, in contrast, the trial court did not make a credibility determination, so *Price* does not affect our analysis. Defendant relies on *Briggs v Knapp*, 513 Mich 857 (2023), where our Supreme Court directed the entry of summary disposition for the defendant because the plaintiff "failed to present evidence to establish causation, where . . . there was no showing that the defendant driver could have altered his conduct to avoid the accident." *Id*. at ___. In our case, in contrast, the trial court stated in its opinion and order that "a question of fact exists with respect to causation."

Our Supreme Court's order in *Briggs* is noteworthy for its observation that "until a hazard is perceived, or until a hazard would have been apparent to a reasonable man, considering pertinent surrounding circumstances of traffic and terrain, a driver has no duty to guard against or anticipate an unknown hazard." *Id*. The corollary to that proposition dictates that if a hazard is perceived, a driver has a duty to guard against and anticipate that known hazard. Here, defendant's admission that she saw the pedestrians and the two girls on scooters enter the center turn lane on 9 Mile Road as she was driving in their direction dictates that she had a duty to guard against and anticipate the

hazard presented by those people in the center turn lane. Whether she breached that duty in a manner that establishes liability for negligence presents a question of fact for a jury, which can assess the applicability of the sudden emergency doctrine in the course of deliberations. See *White*, 482 Mich at 143 ("The questions regarding whether defendant experienced a sudden emergency and whether defendant was negligent in driving under the facts presented in this case are proper questions for the jury.").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett