*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASHLEY BENNETT,

        Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE COMPANY
and LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
April 08, 2025
2:02 PM

No. 371078
Wayne Circuit Court
LC No. 22-014412-NI

Before: YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Plaintiff, Ashley Bennett, filed suit after she was involved in a motor-vehicle collision, but the trial court rejected her claim for uninsured motorist benefits, awarding summary disposition to defendants under MCR 2.116(C)(10). We affirm.

## I. FACTUAL BACKGROUND

On the evening of December 5, 2021, plaintiff was driving her Jeep Grand Cherokee in Detroit with her friend and her brother. According to plaintiff, after she stopped at a stop sign, she did not see any traffic coming, so she proceeded to make a left turn. As she was making that turn, she said a car came out of nowhere and t-boned the right side of her Jeep. Plaintiff did not see the other car before the collision, and she did not hear screeching brakes or a horn honking before the impact. Plaintiff said the force of the collision caused her to lose consciousness, and she awoke at the hospital. No police or medical personnel came to the scene. Instead, a girlfriend of one of the passengers in plaintiff's Jeep came and drove plaintiff to the hospital. Plaintiff believed the other driver fled the scene after the collision. The next day, plaintiff and the two passengers went to the Detroit Police Department and reported the accident.

Plaintiff sought uninsured motorist benefits from defendants. When defendants denied that request, plaintiff filed a complaint asserting claims for personal protection insurance (PIP) benefits and uninsured motorist benefits. Defendants moved for partial summary disposition under MCR 2.116(C)(10). In the motion, defendants sought dismissal of plaintiff's uninsured motorist claim,

-1-

arguing that plaintiff had failed to establish that the unidentified driver of the other car involved in the collision was negligent. Plaintiff insisted that summary disposition was inappropriate because the driver of the other vehicle "was clearly driving at a high rate of speed to be able to come out of nowhere" and "forfeited the right of way by speeding." Plaintiff contended that an inference of negligence could be drawn because the other driver fled the scene of the collision. But defendants responded that plaintiff had presented no proof that the other vehicle was speeding.

During oral argument on the summary disposition motion, plaintiff reiterated her assertion that the fact that the other driver was speeding was a reasonable inference that the trial court could draw from the evidence. After hearing the parties' arguments, the trial court ruled from the bench that there was no evidence that the other vehicle was speeding, so the trial court granted summary disposition to defendants on plaintiff's uninsured motorist claim.

Plaintiff sought reconsideration of that ruling, but the lower court record does not indicate that the trial court resolved plaintiff's motion for reconsideration. Plaintiff's claim for PIP benefits was later dismissed by stipulation, and plaintiff subsequently filed this appeal.

## II. LEGAL ANALYSIS

Plaintiff contends that the trial court erred by awarding summary disposition to defendants and dismissing plaintiff's uninsured motorist claim because there exists a genuine issue of material fact regarding the negligence of the other driver. Plaintiff claims defendants' motion required the trial court to assess plaintiff's credibility by proceeding from the presumption that because plaintiff did not see the vehicle that hit her, she must not have looked. Next, plaintiff asserts that the other driver was negligently speeding because the vehicle that hit her Jeep came out of nowhere. Also, plaintiff argues that the trial court should have inferred from the other driver's flight from the scene that that driver was negligent. None of these arguments has any merit.

A trial court's ruling resolving a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). According to MCR 2.116(C)(10), summary disposition is warranted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. The trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). A genuine issue of material fact exists if "the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation omitted). The trial court may not resolve factual disputes or determine credibility in ruling on a motion for summary disposition. *White v Taylor Distrib Co Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008).

A moving party under MCR 2.116(C)(10) satisfies its burden "by submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim, or by demonstrate[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted; alteration in original). After a movant has satisfied its burden, the nonmovant may defeat summary disposition by offering evidence that "set[s] forth specific facts showing that there is a genuine issue for trial." *Id*. Only "substantively admissible

evidence" may be considered by the court. *Anderson v Transdev Servs Inc*, 341 Mich App 501, 507; 991 NW2d 230 (2022). Mere speculation is not sufficient to create a genuine issue of material fact. *Id*. For circumstantial evidence to be adequate, it "must facilitate reasonable inferences," and it must go beyond "mere speculation." *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994).

Plaintiff's claim presents an issue concerning the applicability of insurance coverage under an uninsured motorist policy. The terms of uninsured motorist coverage are dictated solely by the contract between the insurer and the policyholder. *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 84; 910 NW2d 691 (2017). Uninsured motorist insurance permits an injured insured person to recover for injuries caused by an uninsured motorist if the injured person can prove fault by "establish[ing] that the uninsured motorist caused his or her injuries and would be liable in tort for the resulting damages." *Adam v Bell*, 311 Mich App 528, 535; 879 NW2d 879 (2015). In this case, the terms of plaintiff's uninsured motorist coverage were not submitted to the trial court, but there seems to be no dispute that plaintiff's insurance policy required the other driver to have been negligent in order for plaintiff to receive benefits.

Under Michigan law, a prima facie case of negligence requires "four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). As a general rule, the duty is "to conform to the legal standard of reasonable conduct in the light of the apparent risk." *Moning v Alfono*, 400 Mich 425, 443; 254 NW2d 759 (1977) (quotation marks and citation omitted).

Our Supreme Court has previously discussed the relevance of the fact that a driver left the scene of a collision in *Johnson v Austin*, 406 Mich 420; 280 NW2d 9 (1979), stating that flight "is akin to the deliberate destruction or a failure to produce at trial evidence within a party's control." *Id*. at 432-433. Under that approach, "an inference should arise, where the evidentiary gap is not closed by other evidence of the circumstances of the accident, that if the driver had complied with his statutory duties the evidence that would have been produced would operate against him." *Id*. at 433 (quotation marks omitted). That inference, coupled with the inference of consciousness of wrongdoing which may be drawn from flight when there is a statutory duty to remain at the scene, should "give rise to a rebuttable presumption that the driver was at fault . . . ." *Id*.

But that presumption arises only in "the atypical case" in which "the circumstances of the accident are unknown because the victim is unable to testify, there were no known witnesses to the accident, the driver is unidentified and unsuable and his failure to comply with his statutory obligations caused a loss of evidence which compliance would have provided." *Id*. at 433-434. When "the victim or other witnesses can provide information concerning the circumstances of the accident, the driver's failure to stop and give information may not then result in a loss of evidence preventing the plaintiff from producing evidence of those circumstances." *Id*. at 433. In that case, "[t]he inference drawn from the evidence of flight can be weighed with the circumstances of the accident as one of the factors in deciding whether the driver was negligent." *Id*.

Here, plaintiff alleged that she was injured by a negligent and uninsured driver. Defendants responded that plaintiff's evidence was insufficient to establish that the other driver was negligent, and the trial court awarded summary disposition on the basis that there was no admissible evidence that the other car was speeding. The only evidence that the other driver was speeding is plaintiff's

testimony that she did not see the other car before the collision, so an inference arises that the other car must have been speeding because it came out of nowhere. But the inference that the other car was speeding is merely speculation, which is insufficient to create a genuine issue of material fact. See *Skinner*, 445 Mich at 164. Additionally, contrary to plaintiff's contention on appeal, the trial court's decision was not based upon a determination of plaintiff's credibility. Instead, it was based upon a lack of evidence that the other driver was negligent. Taking the evidence in the light most favorable to plaintiff, there is insufficient evidence that the other driver was speeding.[1]

Plaintiff contends that, because the other driver fled the scene of the collision, the trial court should have drawn the inference that the other driver was negligent, which would have precluded summary disposition. Some evidence indicated that the other driver left the scene of the collision. Plaintiff testified that she believed that the other driver fled, although the basis for her belief is not clear. Significantly, plaintiff testified that she was unconscious from the time of impact until she was at the hospital. Moreover, even assuming the other driver fled, that alone does not establish that the other driver was negligent because there was other evidence of the circumstances of the collision. See *Johnson*, 406 Mich at 431. Even though the other driver was not available, plaintiff was able to provide testimony about the circumstances of the collision. There were also two other witnesses to the collision, i.e., the two passengers in plaintiff's Jeep, but it is unclear whether they could provide any information about the collision because the lower court record does not contain any testimony or affidavits from either of the passengers. Hence, this is not an "atypical" case in which the other driver's flight created a presumption of negligence, as there were other sources of evidence concerning the circumstances of the collision. See *id*. at 433-434. Instead, the inference drawn from that flight can be weighed with the circumstances of the collision as one of the factors in determining the other driver's negligence. *Id*. at 433. Given the lack of evidence that the other driver was negligent, the trial court did not err by dismissing plaintiff's claim despite the flight of the other driver. In sum, considering the evidence in the light most favorable to plaintiff, the trial court did not err by awarding summary disposition to defendants on plaintiff's claim for uninsured motorist benefits.

Affirmed.

/s/ Christopher P. Yates
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney

---

[1] Because plaintiff did not offer evidence to establish a genuine issue as to whether the other driver was speeding, we need not address plaintiff's arguments that the other driver's speeding amounted to negligence per se or a forfeiture of the right-of-way.